IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ZEECO METALS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. |
| | ) |
| ESPARZA'S TRUCKING, LLC, | ) |
| | ) |
| Defendant. | ) |

### COMPLAINT

Plaintiff Zeeco Metals, Inc. ("Zeeco"), by its attorney Timothy M. Kelly, complains against defendant Esparza's Trucking, LLC ("Esparza's"), as follows:

### NATURE OF THE CASE

1. Zeeco brings this action against Esparza's to recover damages for certain goods that were damaged while in the care, custody and control of Esparza's. Zeeco engaged Esparza's as an interstate motor carrier to transport goods. While in transit, the goods were damaged to such an extent that Zeeco's customer refused to accept them. Zeeco seeks to recover the principal amount of $43,777.50 for the damaged goods. This Complaint asserts the following causes of action against Esparza's: (1) violation of the Carmack Amendment, and (2) conversion.

### PARTIES

2. Plaintiff Zeeco Metals, Inc., is a corporation organized and existing under the laws of the State of Illnois with its principal place of business in Bridgeview, Cook County, Illinois.

3. Zeeco is engaged in the business of processing and selling steel products to original equipment manufacturers and world-wide distributors.

4. On information and belief, Esparza's is a limited liability company organized and operating under the laws of the State of Texas with its principal place of business for Esparza's is in San Antonio, Bexar County, Texas.

5. Esparza's is or was a trucking company operating in interstate commerce, licensed by the Federal Motor Carrier Safety Administration within the United State Department of Transportation.

## JURISDICTION AND VENUE

6. This complaint alleges a violation of the Carmack Amendment, 49 U.S.C. § 14706. Therefore, this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

7. In addition, the complaint seeks damages under 49 U.S.C. § 14706 in an amount in excess of $10,000.00. Therefore, this court has subject matter jurisdiction is pursuant to 28 U.S.C. § 1377(a).

8. This court has supplemental jurisdiction of the conversion claim pursuant to 28 U.S.C. § 1367(a) in that the conversion claim involves the same parties, the same shipment and the same goods.

9. Venue lies in the Southern District of Texas because the delivering carrier, Esparza's, operates in and through the Southern District of Texas. 49 U.S.C. § 14706(d)(1).

## GENERAL ALLEGATIONS

10. On or about April 18, 2024, Zeeco contracted with non-party MidAmerica Logistics ("MidAmerica") to arrange the transport of steel coils from Gary, Indiana to non-party Larsen Tella, LLC ("Larsen Tella"), a manufacturer located in Brownsville, Texas.

11. MidAmerica Logistics is a licensed freight broker as defined in 49 U.S.C. §§ 117707 and 10730.

12. On or about April 18, 2024, MidAmerica entered into a contract with Esparza's by which Esparza's agreed to serve as a motor carrier and transport Zeeco's steel coils from Gary, Indiana to Larsen Tella in Brownsville, Texas.

13. On or about April 19, 2024, Esparza's took possession of six steel coils ("the shipment") from a warehouse in Gary, Indiana. These six coils weighed a total of 44,900 pounds and had a value of $43,775.50.

14. The bill of lading for the shipment contained the following statements:

***ALL LOADS MUST BE TARPED****
**DRIVER'S SIGNATURE ACKNOWLEDGES LOAD IS TARPED**

(Emphasis in original.)

15. At the time Esparza's took possession of the shipment, the coils were dry and free of any rust or corrosion. Further, the shipment was tarped to protect it from water damage.

16. While the shipment was in the possession and control of Esparza's, Esparza's removed or damaged the tarp that was protecting the shipment.

17. On or about April 22, 2024, Esparza's attempted to deliver the shipment to Larsen Tella in Brownsville, Texas. At that time, Larsen Tella inspected the shipment and found that the coils were wet and contained rust. As a result, Larsen Tella refused to accept the goods.

18. Upon learning of the condition of the shipment, Zeeco contacted non-party MidAmerica and filed a claim for $43,775.50. MidAmerica denied that claim.

19. The shipment was never returned to Zeeco's nor did any party pay any money to Zeeco for the coils.

20. On or about April 21, 2025, Zeeco sent a letter to Esparza's demanding the return of the coils.

21. To date, Esparza's has not returned the coils to Zeeco.

22. The coils were last in the exclusive possession of Esparza's. The current whereabouts of the coils are unknown to Zeeco.

## COUNT I
### (Violation of the Carmack Amendment)

23. Zeeco repeats and incorporates by reference paragraphs 1 through 22 above as and for paragraph 23 of this Count I.

24. At all relevant times, Esparza's was engaged in the business of transporting property or goods for hire as a motor carrier in interstate commerce.

25. By failing to deliver goods to shipping destination in the same order and condition as such goods were received, Esparza's breached, failed and violated its duties and obligations as a motor carrier, for which Esparza's is liable under the Carmack Amendment, 49 U.S.C. §§ 14706, *et seq.*, for Zeeco's actual loss in an amount to be established at trial, but no less than $43,775.50, plus pre-judgment and post-judgment interest thereon, costs, and expenses.

WHEREFORE, Plaintiff, Zeeco Metals, Inc., requests judgment in its favor against defendant Esparza's Trucking, LLC, in an amount to be determined at trial, but no less than $43,775.50, plus pre-judgment interest, post-judgment interest, costs and expenses.

## COUNT II
### (Conversion)

26. Zeeco repeats and incorporates by reference paragraphs 1 through 22 above as and for paragraph 26 of Count II.

27. Zeeco owns the coils and is entitled to possession thereof.

28. Zeeco has made demand upon Esparza's to return possession of the coils to Zeeco.

29. Esparza's has exercised dominion and control over the coils to the exclusion of Zeeco without lawful authorization.

30. As a result of Esparza's actions, Zeeco has suffered damages of $43,775.50, the value of the coils.

WHEREFORE, Plaintiff, Zeeco Metals, Inc., requests judgment in its favor against defendant Esparza's Trucking, LLC, in an amount to be determined at trial, but no less than $43,775.50, plus pre-judgment interest, post-judgment interest, punitive damages, costs and expenses.

> Respectfully submitted,
> ZEECO METALS, INC.,
>
> By: _____
> One of its attorneys

Texas Bar No. 24130829
Timothy M. Kelly
Scannell & Associates, P.C.
3135 W. 95th Street
Evergreen Park, IL 60805
773-233-2100
tkelly@scannelllaw.com