IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ZEECO METALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. : 1:25-cv-00148 |
| | ) | |
| ESPARZA'S TRUCKING, LLC, | ) | Honorable Ignacio Torteya, III |
| | ) | |
| Defendant. | ) | |

### RENEWED MOTION FOR DEFAULT AND RESPONSE TO ORDER TO SHOW CAUSE FOR LACK OF SERVICE

Plaintiff, Zeeco Metals, Inc., by its attorneys Timothy M. Kelly and Scannell & Associates, P.C., pursuant to Fed.R.Civ.P. 55(a), requests that this Honorable Court enter an order of default against defendant Esparza's Trucking, LLC, and set this cause for a prove-up. In support of its motion, plaintiff states as follows:

1. On July 8, 2025, plaintiff filed a complaint against defendant Esparza's Trucking, LLC. A true and accurate copy of the complaint is attached to this motion as Exhibit A.

2. Defendant Esparza's Trucking, LLC was served with summons and a copy of the complaint in the instant matter on July 23, 2025, by a special process server. A true and accurate copy of the summons and affidavit of service is attached to this motion as Exhibit B.

3. Pursuant to Fed.R.Civ.P. 12(a)(1)(A), defendant Esparza's Trucking, LLC's responsive pleading was due by August 13, 2025.

4. On September 24, 2025, plaintiff filed a motion for default, noting that defendant's appearance or responsive pleading had not been filed as of that date.

5. This Court scheduled plaintiff's motion for a telephonic hearing on October 9, 2025 at 10:00 a.m.

6. At the hearing, the Court observed that defendant's registered agent was listed on the summons as "James Esparza" at 22115 U.S. Highway 281 S, San Antonio, Texas, 78264; but the affidavit of service stated that the summons was served on "Javier Esparza (owner)" at 3505 Pleasanton Rd., San Antonio, Texas, 78221. The Court further noted that the address of service was the same as the address of the process server. Plaintiff's attorney requested an opportunity to investigate these discrepancies, and made an oral motion for leave to withdraw the motion for default. The Court granted plaintiff's motion to withdraw its motion for default.

7. On October 10, 2025, the Court entered a Notice and Order to Show Cause for Lack of Service. The Court summarized the proceedings of October 9, and noted that the time to serve defendant had expired pursuant to Fed.R.Civ.P. 4(m). The Court indicated that it would recommend dismissal of plaintiff's complaint unless, by October 17, 2025, plaintiff either (1) demonstrated that it properly effected service of process by October 6, 2025, or (2) provided good cause for not so effectuating. A copy of this Court's Order of October 10, 2025, is attached to this motion as Exhibit C.

8. Plaintiff's attorney investigated the apparent discrepancies between the summons and the affidavit of service, and plaintiff submits that defendant Esparza's Trucking, LLC, was properly served. The Proof of Service was executed by Bexar County Deputy Constable M. Lara, star number 1121, under penalty of perjury. Texas Rule 103 designates any Sheriff or Constable as a person authorized to serve process in the State of Texas. TEX. R. CIV. PRO. 103. In the Proof of Service, Deputy Lara states that he "served the summons on *(name of individual)* Javier Esparza (owner) who is designated by law to accept service on behalf of *(name of organization)* Esparza's Trucking, LLC, on 7-23-25." (See Exhibit B.)

9. It is true that the reverse side of the Proof of Service indicates that there were two unsuccessful attempts at service, one on July 22, 2025, and another on July 23, 2025. Plaintiff's counsel spoke with Deputy Lara on October 13, 2025, and the deputy prepared an affidavit explaining the apparent discrepancy between the front and the back of the Proof of Service. A copy of the Affidavit of Deputy Constable Lara dated October 14, 2025, is attached to this motion as Exhibit D. In his affidavit, Deputy Lara explains that after he left a message for Javier Esparza on July 23, 2025, Mr. Esparza "showed up to the office at 3505 Pleasanton Rd., SA, TX 78221 and was served in case #1:25-cv-00148 in person by myself Deputy M. Lara #1121." (See Exhibit D.) This also explains why process was served at the address for Precinct 1 of the Bexar County Constable's office rather than the address for the registered office of Esparza's Trucking, LLC.

10. According to the Texas Comptroller's office, Javier Esparza is the owner, director, and registered agent of Esparza's Trucking, LLC. A copy of the electronic record for Esparza's Trucking, LLC, maintained by the Texas Comptroller of Public Accounts, is attached to this motion as Exhibit E. The Court may take judicial notice of public records. FED. R. EVID. 201(b); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011). Javier Esparza is a proper person upon whom to serve process. Tex. Bus. Org. Code §§ 5.201(b), 5.255(3).

11. The fact that the summons lists "James Esparza" as the registered agent, and the correct name of the registered agent is "Javier Esparza" does not impair process nor service of process. "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *U.F.C.W. Locals 197 and 374 v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (7th Cir. 1983).

> A defendant who is clearly identified by a summons and complaint and who has been served with those documents may not avoid the jurisdiction of the district court merely because he is incorrectly named in them.

*Tremps v. Ascot Oils, Inc.,* 561 F.2d 41, 44 (7th Cir. 1977). Here, the correct defendant is clearly identified as "Esparza's Trucking, LLC," in both the summons and complaint. Neither "James" Esparza nor "Javier" Esparza is a defendant in this case. The summons and complaint were served on the only defendant, Esparza's Trucking, LLC, through its registered agent, owner and director, Javier Esparza.

12. The *Tremps v. Ascot Oil* case is analogous to this one. In that case, James R. Cunningham, Jr., was named as a defendant in the summons and complaint. The summons was served on James R. Cunningham, Sr., and he allowed Cunningham Junior to answer. 561 F.2d at 43-44. The *Tremps* Court held that it was clear in the complaint that plaintiff intended to sue Cunningham Senior, and it was unreasonable for Cunningham Senior to forego answering. 561 F.2d at 44. The Court stated:

> A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant, as is the case here, it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else.

561 F.2d at 44, quoting *United States v. A.H. Fisher Lumber Co.,* 162 F.2d 872, 873 (4th Cir. 1947).

13. Javier Esparza, registered agent of Esparza's Trucking, LLC, was personally served with the summons and complaint in this case by Deputy Constable Lara on July 23, 2025, at 3505 Pleasanton Road, San Antonio, Texas. There can be no doubt that the summons and complaint were directed to defendant Esparza's Trucking, LLC, and there is no excuse for defendant failing to appear or answer the complaint. Defendant is in default, and the factual

allegations of the complaint are deemed admitted. See *Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158, (2nd Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.")

14. Plaintiff requests that this Court enter a default against defendant Esparza's Trucking, LLC, and grant plaintiff 21 days to submit affidavits as to damages.

WHEREFORE, plaintiff Zeeco Metals, Inc. requests that this Honorable Court enter an order of default in its favor against Defendant Esparza Trucking, LLC, and set this cause for a prove-up of damages.

Respectfully submitted,<br>
ZEECO METALS, INC.<br><br>
By: _____<br>
One of its attorneys

Texas Bar No. 24130829
Timothy M. Kelly
Scannell & Associates, P.C.
3135 W. 95th St.
Evergreen Park, IL 60805
773-233-2100
TKelly@scannelllaw.com